### DAVID BRADLEY MANUF'G CO. v. EAGLE MANUF'G CO.

### MOLINE PLOW CO. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. December 9, 1893.)

#### Nos. 22, 26.

RES JUDICATA—JUDGMENT IN EVIDENCE—PLEADING—WAIVER.
Where a decree in a former suit is introduced in evidence on stipulation without objection on the ground that it was not properly pleaded, full effect should be given to such decree as a bar to the second suit, even though it is not properly pleaded.

On petition for rehearing. For report of decision on former hearings of appeals, see 57 Fed. 980, 992.

Bond, Adams & Pickard, for appellant.
George H. Christy, for appellee.

JENKINS, Circuit Judge. The appellants present petitions for rehearing, principally upon the ground that we erred in holding that the former decree could be here considered. This proposition is predicated upon the ground that the former decree was not pleaded; and it is insisted that we have overlooked the rule that no decree can be made in favor of the complainant on grounds not stated in his bill.

The case of Crocket v. Lee, 7 Wheat. 522, is supposed by counsel to be decisive against our decision. There the case below turned principally on the question whether a certain location was too vague to be supported; and it was insisted upon appeal that the decree was erroneous, because the court should have disregarded the testimony in that respect, for the reason that neither its vagueness nor its certainty had been put in issue by the pleadings; and the court so held. But that court, recognizing the injustice of permitting parties to try and submit their cause in the court below upon an issue not raised by the pleadings, and to enter that objection for the first time upon appeal, while feeling bound to assert the rule, was very careful to find a ground upon which to reverse the cause, with direction to permit the parties to amend their pleadings. This case

was decided in 1822. It is within the knowledge of the profession that at that time, both in law and in equity, great stress was laid upon strict adherence to the issues presented by the pleadings, and to a technical conformity of proof to allegation. It was carried to the extreme of injustice. Since that time there has been evolution in the science of the law in respect of that subject. Parties are no longer turned out of court because their i's are not dotted, or their t's crossed; and courts are diligent rather to search for the substantial justice of a case, than to insist upon strict conformity to pleading. And, while the rule remains, courts at the present day are not inclined to permit parties, for the first time upon appeal, to assert the objection that the testimony, which has been taken without objection in the court below, supports an issue not comprehended within the allegations of the pleading.

The supreme court of the United States has asserted this principle in the late case of Wasatch Min. Co. v. Crescent Min. Co., 148 U. S. 293, 298, 300, 13 Sup. Ct. 600, where a similar objection is disposed of upon the ground that the defendant did not object to the plaintiff's evidence as exhibiting a different case from that asserted in the bill, and that the supreme court of the territory from which the cause came justly held that the objection should have been raised in the trial court, where ample power existed to correct and amend pleadings; and, not having done so, but having gone to trial on the merits, the defendant was precluded from assigning error for matter so waived. The doctrine of waiver is thus invoked to mitigate the hardship of the rule if it should be applied to cases where parties without objection have made the issue by their evidence.

The issue here was novelty of invention. The prior interlocutory decree was pleaded either as a bar or as matter more or less conclusive upon the question of novelty, or perhaps in invocation of the doctrine of comity. It is immaterial which. If as a bar, the pleading was defective upon the technical ground that the interlocutory decree had not ripened into a final decree, because the damages had not then been assessed. The validity of the patent had been determined, subject only to the power of the court to change its judgment before final decree. No objection was made to the sufficiency of the pleading when the final decree was stipulated in evidence. We are well satisfied that thereby the appellant waived the defective nature of the pleading, if the pleading is to be treated as a plea of res adjudicata.

Irrespective, however, of any question of pleading, we are of opinion that the former decree was properly before the court, and should be given full effect. The issue involved in this case was novelty of the invention claimed. The former decree was, as has been said, stipulated in evidence by the agreement of the parties, subject only to its materiality. A former decree may be good as a plea in bar, or may be available as evidence. It was said in the Duchess of Kingston's Case, 11 State Tr. 261, 2 Smith, Lead. Cas. (6th Amer. Ed.) 663, that such decree is "as a plea, a bar, or as evidence, conclusive." It may, perhaps, be somewhat questionable whether it is correct to say that a party is estopped by a judgment, any more than

that he is estopped by a contract. The former decree is not the act of the party, but the solemn adjudication of a judicial tribunal. So far as the party is concerned, he may be permitted to waive the former recovery in his own behalf; but the peace and good order of society are likewise concerned, that there shall be an end to litigation, and that the courts should not be twice vexed with the same controversy, when that controversy has once been solemnly adjudicated. Marsh v. Pier, 4 Rawle, 288; Kilheffer v. Herr, 17 Serg. & R. 319.

However that may be, it is certainly true that, without respect to pleading, wherever a former recovery is properly in evidence—as here it was by agreement of the parties—full effect should be given to it, so far as it bears upon the issue presented. The issue here being novelty of invention, and that fact having been determined by the prior adjudication, the former decree becomes conclusive evidence of the validity of the patent as between the parties affected by such prior adjudication.

The petition for rehearing will be overruled.