### METCALF v. CITY OF WATERTOWN.

(Circuit Court of Appeals, Seventh Circuit. July 10, 1895.)

No. 233.

1. PRACTICE—SECOND APPEAL—JUDGMENT ON MANDATE.
    Where the judgment or decree in a case, upon the mandate of an appellate court. determines questions not covered thereby, it is subject to review, by appeal or writ of error, in the proper appellate court.

2. JUDGMENT—INTEREST—SPECIAL FINDING.
    Upon trial of a case by the court without a jury, the court made a special finding of facts from which the amount then due the plaintiff for principal and interest, if he was entitled to recover, could be computed, but gave judgment for the defendant. The supreme court, on error, reversed the judgment. and directed the entry of judgment for the plaintiff on the finding. The statute of Wisconsin, where the case arose (Rev. St. § 2922), allows the recovery of interest on a verdict until the entry of judgment. *Held,* that the plaintiff was entitled to have interest computed, to the time of entry of judgment on the mandate of the supreme court, upon the whole amount of principal and interest due him at the time the finding was made.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

This was an action by Eliab W. Metcalf against the city of Watertown, Wis., on a judgment. The case was twice carried to the supreme court on error. See 9 Sup. Ct. 173, 128 U. S. 586, and 14 Sup. Ct. 947, 153 U. S. 671. A judgment having been entered on

the mandate of the supreme court on the second appeal, the plaintiff now brings error to this court. Reversed.

Charles E. Monroe and F. C. Winkler, for plaintiff in error.
Harlow Pease, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The plaintiff in error brought this action in June, 1883, against the appellee, the city of Watertown, Wis., to recover the amount due on a judgment rendered against that city in the circuit court of the United States for the district of Wisconsin on the 8th day of May, 1866, in favor of Pitkin C. Wright for the sum, with costs, of $10,207.83, of which judgment the appellant claimed by means of certain assignments to have become the owner. The amended declaration contained the necessary averments concerning the citizenship of the parties and of the successive owners of the judgment to give the court jurisdiction. See Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173. The city answered, denying the complainant's ownership of the judgment, and asserting the 10 years' statute of limitation; and, issue having been joined, and a jury waived by written stipulation, there was a trial by the court, which on the 2d day of August, 1889, made and filed a special finding and conclusions of law. The facts were found in full conformity with the averments of the declaration, including the statement of the recovery of judgment by Wright, as alleged, "against the said city of Watertown, upon the 8th day of May, A. D. 1866, for the sum of ten thousand one hundred and fifty dollars and forty-six cents ($10,150.46) damages, together with the sum of fifty-seven dollars and forty cents ($57.40) costs and disbursements of the action, amounting in all to the sum of ten thousand two hundred and seven dollars and eighty-six cents ($10,207.86), in an action at law upon contract," with the added statement that the "action was commenced on the 29th day of June, 1883, and not before, and was not commenced within ten years from the time the cause of action herein accrued." The conclusions of law stated were, in substance, that the cause of action, not having accrued within 10 years before suit, was barred by the statute of limitation, and the defendant entitled to judgment. Accordingly, on the same day, judgment was given, which afterwards, upon writ of error, the supreme court reversed, holding that the 10-years bar constituted no defense, and ordering that the cause be remanded, "with a direction to enter judgment for the plaintiff on the finding." Metcalf v. City of Watertown, 153 U. S. 671, 14 Sup. Ct. 947. The opinion and formal mandate, containing the customary command, "You, therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and judgment of this court, as, according to right and justice, and the laws of the United States, ought to be had, the said writ of error notwithstanding," were filed in the circuit court June 19, 1894; and a motion then and there made for judgment on the mandate was argued by counsel, and submitted, but not determined until August 25, 1894, when,

after reversing its former judgment, the court gave the plaintiff judgment for the sum of $10,207.86, stated to be "the amount claimed in the complaint herein," with interest at 7 per cent, from May 8, 1866, to April 1, 1893, and at the rate of 6 per cent. from that time, amounting to $20,074.68, which, with other items of costs, amounting to $148.29, made the aggregate sum of $32,430.83, for which judgment was entered.    Afterwards, at the same term of court, on the 17th day of September, on motion of the plaintiff, the record in respect to the hearing of the motion for judgment on the mandate was amended, to show that on the 19th day of June, 1894, the plaintiff's attorney presented to the court a draft of judgment proposed for entry, which is set out in full, and which, if granted, would have given the complainant $35,685.73, exclusive of the said sum of $148.29 costs, obtained by computing interest on the original judgment to the 2d day of August, 1889, when the plaintiff was erroneously denied judgment for the amount then due, namely, $26,809.23, and computing the interest on that sum, to the date of the judgment; that the attorneys for the defendant objected to the proposed entry, and the court, having taken the matter under advisement, afterwards denied the motion, and ordered that judgment be given as it was finally entered, "to which orders the plaintiff excepted so far as they disallowed his claim for interest on the accumulated interest due on the 2d day of August, 1889."

Though not suggested at the hearing, the question has arisen whether this case is properly here.    Assuming that in the particular complained of the judgment of the circuit court is erroneous, is the remedy by writ of error, or by an application to the supreme court for a mandamus to compel the entry of a proper judgment? There are many cases in which the supreme court has entertained and recognized as proper appeals and writs of error prosecuted for the purpose of correcting supposed errors in carrying into effect its mandates in prior appeals.    We cite:  Himely v. Rose, 5 Cranch, 313;  Browder v. McArthur, 7 Wheat. 58;  The Santa Maria, 10 Wheat. 431, 442;  Sibbald v. U. S., 12 Pet. 488, 491;  Story v. Livingston, 13 Pet. 359;  West v. Brashear, 14 Pet. 51;  Mitchel v. U. S., 15 Pet. 52;  U. S. v. Fossatt, 21 How. 446;  Railroad Co. v. Soutter, 2 Wall. 510;  Ex parte Morris, 9 Wall. 605;  Supervisors v. Kennicott, 94 U. S. 498;  The Lady Pike, 96 U. S. 461;  Stewart v. Salamon, 97 U. S. 361;  Hinckley v. Morton, 103 U. S. 764;  Ames v. Quimby, 106 U. S. 342. 1 Sup. Ct. 116;  Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568;  Chaffin v. Taylor, 116 U. S. 567, 6 Sup. Ct. 518;  Tyler v. Magwire, 17 Wall. 253, 290.    In the case of The Lady Pike the opening sentence of the opinion is:

"Second appeals will lie in certain cases where it is alleged that the mandate of the appellate court has not been properly executed."

In Stewart v. Salamon it is said:

"An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court in exact accordance with our mandate upon a previous appeal.  Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves.  If such an appeal is taken, however, we will, upon the application of the appellee, examine the de-

cree entered, and, if it conforms to the mandate, dismiss the case with costs. If it does not, the case will be remanded, with appropriate directions for the correction of the error. The same rule applies to writs of error. This is not intended to interfere with any remedy the parties may have by mandamus."

See, also, the dissenting opinion in that case. In Hinckley v. Morton it is said:

"Second appeals have always been allowed to bring up proceedings subsequent to the mandate, but not settled by the terms of the mandate itself."

In Ex parte French, 91 U. S. 423, the supreme court had reversed a judgment for the defendant upon a special finding of facts which did not cover all the issues, "with instructions to proceed in conformity with the opinion"; and, upon the filing of the mandate in the court below, the case was set down for a new trial, whereupon the plaintiff applied to the supreme court for a mandamus directing judgment in his favor upon the finding. This the court denied, holding that the circuit court was precluded by the mandate only from adjudging in favor of the defendant upon the special facts found, and that "in all other respects" it was "at liberty to proceed in such manner as, according to its judgment, justice may require." In Groves v. Sentell, 13 C. C. A. 386, 66 Fed. 179, the circuit court of appeals for the Fifth circuit, instead of dismissing the appeal for lack of jurisdiction, affirmed the decree below because it was in conformity with the mandate of the supreme court. In the case before us, it is to be observed that the question for what sum judgment should be given was not before the supreme court, and its mandate left the circuit court at liberty, not only to make the computation of interest, but to determine the rule or principle by which the computation should be governed. The judgment granted was the first determination by any court of the present dispute, and is, we think, subject to review in the same manner as if it had been the first judgment in the case. Under the act of March 3, 1891, therefore, the case is properly in this court.

In respect to the merits, we are of opinion that the amount of the judgment should have been determined on the basis proposed by the appellant. The direction of the supreme court was "to enter judgment for the plaintiff on the finding." That means the finding of facts, as distinguished from the conclusions of law, which were annulled by the decision of the supreme court. By section 649 of the Revised Statutes the finding of the court upon the facts, when a jury is waived, whether it be general or special, has the same effect as the verdict of a jury. In this instance the finding was special, and therefore should be given the same effect as a special verdict. The finding would be more nearly complete, technically, if, in addition to the date and amount of the judgment, it contained a statement of the amount of interest accrued to the date of the finding, or of the entire sum due; but that is certain which can be made certain, and it is a matter of computation to determine on the finding, as it is, the amount which was due and for which the plaintiff was entitled to judgment when the erroneous judgment for the defendant was entered. If the finding contained an erroneous statement of the entire sum due, it would not be controlling, and judgment would be

given upon a corrected computation. The want of a computation, when the basis for making it is given, is of no more significance. The case, therefore, is the same as if the finding of facts had contained the additional statement that the entire sum due on the judgment was $26,809.23. That is the finding, equivalent to a verdict, on which the supreme court declared the plaintiff entitled to judgment. See Ft. Scott v. Hickman, 112 U. S. 160, 5 Sup. Ct. 56. If interest is to be allowed at all, it must be on that sum. It cannot be on the cause of action or judgment sued on, because pro hac vice that is merged in the finding. Whether or not interest shall be allowed upon a verdict for the time intervening before judgment is always a question of local law. Association v. Miles, 137 U. S. 689, 11 Sup. Ct. 234, and cases cited. It is allowed in Wisconsin by section 2922 of the Revised Statutes of the state, which reads:

"When the judgment is for the recovery of money, interest from the time of the verdict or report until judgment is finally entered, shall be computed by the clerk and added to the costs of the party entitled thereto."

Whether it be added to the costs or to the principal sum found due is, of course, a matter of form merely, not affecting substantially the rights of either party. Stephens v. Magor, 25 Wis. 533. The provision of section 2894a of the Revised Statutes of Wisconsin to to the effect that unless the successful party shall enter and perfect judgment within 60 days after the filing of the finding or verdict, the failure or neglect shall be deemed a waiver of his right to the accrued costs of the action, it is plain, does not apply when the party's right to judgment is denied and he is driven to the court of last resort for its establishment. It is equally clear that the statute of the state which forbids the compounding of interest is not applicable. That provision and the one allowing interest upon verdicts must stand together.

There is a recital in the judgment entry to the effect that the recovery is the amount claimed in the complaint, and that is now urged in justification of the court's decision. If the prayer were in fact only for the amount of the judgment sued on with interest, it would, we think, be sufficient to include interest upon the verdict, in a jurisdiction where interest on verdicts is authorized; but, in this instance, there was a prayer also for costs, in which, by the statute quoted, the interest upon the verdict was required to be included. Reference has been made to the rule, which has been often declared, that interest is not allowed upon judgments affirmed by the supreme court, unless so ordered in the judgment of affirmance. That rule is founded upon the provision of the judiciary act of 1789, c. 20, § 23, whereby the supreme court is authorized, in cases of affirmance of any judgment or decree, to award the respondent just damages for his delay. Accordingly, "if upon the affirmance no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages." In re Washington & G. R. Co., 140 U. S. 91, 11 Sup. Ct. 673; Boyce's Ex'rs v. Grundy, 9 Pet. 275, 289; Mitchell v. Harmony, 13 How. 115; Perkins v. Fourniquet, 14 How. 328. That rule, it is manifest, is not applicable when the question is whether interest shall be allowed upon a verdict, when an erron-

eous judgment thereon has been reversed, and direction given to enter the proper judgment in favor of the prevailing party. In Kneeland v. Trust Co., 138 U. S. 509, 11 Sup. Ct. 426, a decree was reversed for error in a part of the sum for which it was given, another distinct part, as the opinion showed, being approved. The order or mandate was "to strike out all allowances for rental prior to December 1, 1883, * * * and to allow the rentals as fixed for the time subsequent,"—saying nothing about interest. Upon that order, the circuit court gave a second decree, allowing interest from the date of the first decree, and that decree, upon a second appeal, was affirmed.

It is urged further that there is no bill of exceptions in the record; but, when the question is whether a judgment upon a special verdict or finding is supported by, or is in conformity with, the facts found, a bill of exceptions is not necessary. Suydam v. Williamson, 20 How. 427; Retzer v. Wood, 109 U. S. 185, 3 Sup. Ct. 164; Allen v. Bank, 120 U. S. 20, 7 Sup. Ct. 460; Tyson v. Milwaukee, 50 Wis. 78, 93, 5 N. W. 914; Hart v. Railroad Co., 86 Wis. 483, 57 N. W. 91; Donkle v. Milem, 88 Wis. 33, 39, 59 N. W. 586. The judgment of the circuit court is reversed, with costs, and the cause remanded, with direction that the appellant be given judgment for the amount due upon the finding of August 2, 1889, including interest to that date, with interest thereon to the date of the judgment hereby ordered, together with the sums heretofore taxed for costs and disbursements, and such further sums as shall appear to be just.