WESSON v. SALINE COUNTY.

SOCIETY FOR SAVINGS v. SAME.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

Nos. 163, 164.

1. WRIT OF ERROR—SPECIAL FINDINGS—RECORD.
   A special finding of facts, like a general finding or verdict, is in itself a part of the record, and need not be embodied in a bill of exceptions; and it should not be accompanied by a general finding.

2. SAME.
   The question for review upon a special finding, where a jury is waived in writing, is whether the facts found are sufficient to support the judgment (Rev. St. § 700); and the finding should be complete in itself, unaided by reference to bills of exceptions, though documents set out in the pleadings, or otherwise in the record, may be referred to without recopying.

3. SAME—STATEMENT OF SUM DUE.
   In an action on bonds, a special finding should, by the better practice, state the amount due; but, if the data for computing it are given, the defect is not fatal.

4. MUNICIPAL BONDS—INNOCENT PURCHASERS—RECITALS.
   Recitals in county bonds, that they are "issued pursuant to an order of the county court of said county, authorized by a majority of the legal votes cast at an election held in said county, pursuant to law," and under the provisions of certain statutes, and that they are in part payment of "a subscription to the capital stock" of a named railroad company, estop the county, as against an innocent purchaser, from showing that the bonds are void, because in fact issued as a donation to the railroad company, whereas the statute only authorized a subscription to its stock. City of Evansville v. Dennett, 16 Sup. Ct. 613, followed. Post v. Pulaski Co., 1 C. C. A. 405, 49 Fed. 628, overruled.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

These were actions brought, respectively, by D. M. Wesson and by the Society for Savings against the county of Saline, Ill., to recover on certain county railroad aid bonds. In each case there was a judgment below for the defendant, and the plaintiff brought error.

James C. Connolly and Thos. C. Mather, for plaintiffs in error.
Samuel P. Wheeler, for defendant in error.

Before WOODS and JENKINS, Circuit Judges.

WOODS, Circuit Judge. The decision of these cases, which were heard at the June session, 1894, has been delayed to await the answer of the supreme court to questions certified in the cases of

Graves v. Saline Co., 16 Sup. Ct. 526, and City of Evansville v. Dennett, Id. 613.   The action in each case is in assumpsit on bonds for $500 each issued by the county of Saline, Ill., bearing date October 8, 1872, and payable to the. Cairo & Vincennes Railroad Company, or bearer, in the city of New York, 20 years after date, with interest thereon from November 1, 1872, at the rate of eight per centum per annum, evidenced by coupons payable semiannually.   Each bond is signed and attested by the county judge and clerk of the county court of Saline county, bears a certificate of registration by the auditor of public accounts for the state, and contains the following recitals:

"This bond is one of two hundred of like tenor and amount, of the same issue, and is issued pursuant to an order of the county court of said county, authorized by a majority of the legal votes cast at an election held in said county, pursuant to law, on the fifth day of October, A. D. 1867.   This bond is also issued under the provisions of an act to incorporate the Cairo & Vincennes Railroad Company approved March 6, 1867, and under the provisions of an act to amend said act approved February 9, 1869; also, under the provisions of an act entitled 'An act to fund and provide for the payment of the railroad debts of counties, townships, cities and towns, approved April 16, 1869,' and is in part payment of the subscription to the capital stock of the Cairo & Vincennes Railroad Company, in the total sum of one hundred thousand dollars ($100,000.00)."

Issue was joined by a plea of nonassumpsit, and upon written waiver of a jury the cases were submitted for trial to the court, which, besides a general finding for the defendant, made in each case a special finding of facts, which, needlessly, is embodied in a bill of exceptions.   A special finding, like a general finding or verdict, is in itself a part of the record.   It ought not to be accompanied with a general finding.   British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523.   The question for review upon a special verdict or finding is whether the facts found are sufficient to support the judgment (Rev. St. § 700); and it is manifestly important, especially to the party having the burden of proof, that all the facts essential to the relief sought shall be explicitly and fully stated.   The finding should be complete in itself, unaided by references to bills of exception, though documents set out in the pleadings, or otherwise in the record, may be referred to without recopying.

The special finding in each of these cases states "that the plaintiff is the owner and holder, and became such, before due, for value, in the usual course of his business, of the following bonds sued upon in this case, to wit."   And there follows a description, by number, and by a copy of one bond and one coupon, in the first case, of bonds numbered from 1 to 26 inclusive, and in the second case of bonds numbered 31 to 100 inclusive.   The amount due in each case is not stated, as by the better practice it ought to be; but, the data for computing the amount being given, the defect is not fatal.   Metcalf v. City of Watertown, 34 U. S. App. 107, 16 C. C. A. 37, and 68 Fed. 859.   It is also stated that the several acts of the legislature of Illinois mentioned in the recitals of the bonds were offered and admitted in evidence, and "that the following were the orders made,

and are all the proceedings taken by the county court of Saline county, with reference to the issuance of said bonds, as shown on the county court records." And a copy of the proceedings and orders is set out, from which it appears, but by recital only, that on the 5th. day of October, 1867, the electors of Saline county, "by a legal majority, voted in favor of the proposition that Saline county subscribe one hundred thousand dollars to the capital stock of the Cairo & Vincennes Railroad, to be paid in bonds of said county"; that afterwards, on November 28, 1867, a contract was made between the county and the railroad company whereby it was agreed that the county would sell to the company, for $5,000, to be paid in an equal amount of the bonds, the $100,000 of stock to be issued in payment of the $100,000 of bonds; and that afterwards, on October 8, 1872, after a recital of this agreement, it was ordered that bonds to the amount of $95,000 be issued. Pursuant to the order bonds were issued, including those in suit.

Upon these facts the court held that the bonds were a donation to the company, and were illegal, because the statutes under which they were voted and issued authorized only a subscription to the stock of the railroad company, and not a donation. That view is in accord with the ruling of the supreme court of Illinois in Choisser v. People, 140 Ill. 21, 29 N. E. 546, followed by this court in Post v. Pulaski Co., 1 C. C. A. 405, 49 Fed. 628, and 9 U. S. App. 1. See Commissioners v. Beal, 113 U. S. 227, 5 Sup. Ct. 433. But the proposition, enunciated in Post v. Pulaski Co., that "the recital in the bonds, that they were issued pursuant to an order of the county court, put whosoever should come into possession of those bonds, even if purchased for value upon the open market, upon inquiry as to the terms of that order," is inconsistent with, and must be regarded as overruled by, the recent ruling of the supreme court in the case of City of Evansville v. Dennett, supra, where it was held that a recital that a subscription to the stock of a railroad company was "made in pursuance of an act of the legislature and ordinances of the city council passed in pursuance thereof" "imported not only compliance with the act of the legislature, but that the ordinances of the city council were in conformity with the statute." That is necessarily so, if the recitals in municipal bonds are not to be denied significance. The only reason for saying that a reference to an ordinance puts a party upon inquiry into the contents thereof is because the reference conveys knowledge of the existence of the ordinance. But common councils, boards of commissioners, and like municipal bodies can act only by order, ordinance, or resolution, as every one is bound to know; and, when a municipal bond is offered upon the market, it needs no mention in a recital to give a proposed purchaser notice that the bond was issued in pursuance of an order, or resolution, or ordinance. The existence of the bond implies that much, and when there is a recital to the effect that the bond was issued in pursuance of a statute, the necessary import is that there was an ordinance, and a proper one, whether express mention is made of it or not. To say "in pursuance of a statute and an ordinance" is equivalent to an express statement that the ordinance is in conformity with the statute, and the pur-

chaser of a bond containing that recital is not bound in that particular to look for further information.

The bonds here in question were put upon the market before the case of Town of Eagle v. Kohn, 84 Ill. 292, was decided, and under the decisions of the supreme court of the United States the rights of a good-faith purchaser are not left in doubt. The recitals are indisputable proof of the facts essential to the validity of the bonds. Town of Coloma v. Eaves, 92 U. S. 484; Insurance Co. v. Bruce, 105 U. S. 328; Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704; Oregon v. Jennings, 119 U. S. 74, 7 Sup. Ct. 124; German Sav. Bank v. Franklin Co., 128 U. S. 526, 9 Sup. Ct. 159; Citizens' Savings & Loan Ass'n v. Perry Co., 156 U. S. 692, 15 Sup. Ct. 547. If the facts were as the recitals show they vere, there was complete authority of law for the execution of the bonds, and, as against an innocent purchaser, evidence that the facts were different must be rejected or disregarded. The judgment in each case is therefore reversed, and the cause remanded, with instructions to enter judgment upon the special finding for the plaintiff, with interest computed according to the rule laid down in Metcalf v. City of Watertown, supra.

Mr. Justice HARLAN sat at the hearing, but has not participated in the decision.