## SNEED v. SABINAL MINING & MILLING CO.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

### No. 259.

1. ALTERATION OF NOTE—MATERIALITY.

   When a note is given by a corporation, payable to the manager's wife, for money due him for salary, and for expenditures made in behalf of the company out of funds represented by him to have belonged in part to his wife, an alteration of the note so as to make it payable to the manager himself is a material one. 18 C. C. A. 213, 71 Fed. 493, affirmed on rehearing.

2. SAME—BURDEN OF PROOF.

   In an action on a note, the burden of showing its invalidity rests on the defendant; but, if it be shown that the name of the payee has been changed without the consent of the maker, the defense is established, and the burden is then on the plaintiff to show that the alteration was ratified, or for other reasons was not available as a defense.

3. SAME—LIMITATION OF ACTIONS.

   If it be shown that a note has been altered in a material respect after the making and delivery thereof, it is void, and the fact that the statute of limitation has run against the original cause of action is irrelevant.

4. TRIAL TO THE COURT—SPECIAL FINDINGS.

   Specific statements in a special finding are not to be controlled or modified by inferences suggested by uncertain or equivocal expressions. When such finding is rendered, it behooves the party having the burden of proof to see that every fact essential to the relief sought is directly and unequivocally stated. Wesson v. Saline Co., 73 Fed. 917, followed.

On Petition for Rehearing.

This was an action of assumpsit by John R. Sneed against the Sabinal Mining & Milling Company to recover upon a promissory note in the sum of $7,000, which he held as indorsee. The case was tried to the court without a jury, and a special finding of facts was made, and judgment given for defendant. The plaintiff sued out a writ of error to this court, which, on January 6, 1896, rendered an opinion affirming the judgment below. See 18 C. C. A. 213, 71 Fed. 493, where the special findings are set out in the statement of the case. The case is now heard on a petition for rehearing, filed by the plaintiff.

Adolph Moses, for plaintiff in error.

Milton I. Beck, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This petition proceeds upon a misapprehension in respect to the burden of proof. It is true, as stated, that the burden to show the invalidity of the note rested upon the defendant; but, once it was shown that the name of the payee

had been changed without the consent or authority of the maker of the note, the defense was established, and the burden was upon the plaintiff to show, if possible, that the alteration had been ratified, or for other reason was not available as a defense. It is found that some of the directors were present in the room where the note was altered, but that is not a finding that they knew of or consented to the change. It is also found that, after the change was made, one of the directors, Mr. James, was opposed to the execution of the note, and was not satisfied therewith, until an indorsement was made waiving all claims against him and another as stockholders; but that falls short of a finding that James then knew that the alteration had been made. The finding shows that at the first James "objected to giving Provard a note," and the importance of the waiver which he obtained was not affected by the alteration. Besides, the consent of one of the directors to the alteration was not sufficient, if given, and that it was not given the finding is explicit when it says, "Neither the directors as a body nor any of the officers of the company consented to the alteration at any time." The directors were officers of the company. There may be ground for supposing that the court did not intend by the word "officers," as here used, to include directors; but specific statements in a special finding are not to be controlled or modified by inferences suggested by uncertain or equivocal expressions. When a special verdict or finding is rendered, it behooves the party on whom is the burden of proof to see to it that every fact essential to the relief he seeks is directly and unequivocally stated. Wesson v. Saline Co. (just decided) 73 Fed. 917. Care should be taken to distinguish between the finding of a fact and a mere statement of evidence which tends to establish, or, it may be, establishes, the fact. Circumstances are stated in this finding which tend to show the consent of one or more directors to the alteration which was made; but, instead of the circumstances, the fact of such consent, if material, should have been directly stated. It is found as a conclusion of law "that the alteration was not fraudulently made"; but, if material, that should have been found as a fact, and not as a legal conclusion. The finding of facts in a special finding, as in a special verdict, should be in itself complete, and should be followed by a separate statement of the conclusion or conclusions of law, unmixed with matter of fact. To illustrate further: The finding shows that, in order to procure the execution of the note in suit, Provard made certain statements; but that establishes only that the statements were made, and not that they were true. He said, for instance, that a part of the money expended by him belonged to his wife, and therefore requested that the note be drawn in her favor. While this does not show that a part of the consideration of the note belonged to the wife, it discloses an important reason for the note being made payable to her, and indicates that in fact, as well as in law, the alteration was a material one. The burden of proving the fact to have been otherwise, to say the least, was upon the plaintiff in error.

It is urged that the statute of limitations has run against any action upon the original consideration of the note, relieving the defendant in error from all risk of suit by Mrs. Provard if she, in fact, had any interest in the note, and depriving the plaintiff in error of any remedy upon the original demand of Provard for which the note was given. These suggestions are irrelevant to the present issue. The alteration in question was material or immaterial, authorized or unauthorized, when it was made; and if material and unauthorized, as the finding shows it was, the note was thereby invalidated, and no mere lapse of time could impart to it new validity. The petition is denied.