## ASHMAN v. PULASKI COUNTY.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

No. 141.

MUNICIPAL BONDS—INNOCENT PURCHASERS—RECITALS.

Recitals in county bonds, that they are "issued pursuant to an order of the county court of said county, authorized by a majority of the legal votes cast at an election held in said county, pursuant to law," and under the provisions of certain statutes, and that they are in part payment of a "subscription to the capital stock," of a named railroad company, estop the county as against an innocent purchaser, from showing that the bonds are void because in fact issued as a donation to the railroad company, whereas the statute only authorized a subscription to its stock. Wesson v. Saline Co., 73 Fed. 917, followed.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

G. A. Sanders, for plaintiff in error.

L. M. Bradley, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

PER CURIAM. The action in this case is in assumpsit upon twelve bonds, for $500 each, and interest coupons attached, issued by the county of Pulaski, Ill., bearing date October 17, 1872, and payable to the Cairo & Vincennes Railroad Company, or bearer, in the city of New York, twenty years after date, with interest thereon after November 1, 1872, at the rate of eight per cent. per annum, evidenced by semiannual coupons. See Post v. Pulaski Co., 1 C. C. A. 405, 49 Fed. 628, and 9 U. S. App. 1. Each bond is signed and attested by the county judge and by the clerk of the county court of Pulaski county, bears a certificate of registration by the auditor of public accounts for the state, and contains the following recitals:

"This bond is one of two hundred of like tenor and amount of the same issue, and issued pursuant to an order of the county court of said county, authorized by a majority of the legal votes cast at an election held in said county pursuant to law on the 5th day of November, A. D. 1867. This bond is also issued under the provisions of 'An act to incorporate the Cairo & Vincennes Railroad Company,' approved March 6, 1867, and under the provisions

of an act to amend said act, approved February 9, 1869, also under the provisions of an act entitled 'An act to fund and provide for the payment of the railroad debts of counties, townships, cities and towns,' approved April 16, 1869, and is in part payment of a subscription to the capital stock of the Cairo & Vincennes Railroad Company, in the total sum of one hundred thousand dollars."

Issue was joined by a plea of nonassumpsit, with an agreement that all matters of defense might be proved under that plea; and, upon written waiver of a jury, the case was tried by the court, which made both a general and a special finding, and gave judgment for the defendant. The finding is to the effect that the plaintiff was a good-faith purchaser of the bonds and coupons sued on (Bank v. Holm, 19 C. C. A. 94, 71 Fed. 489), and that, from the records of Pulaski county, it appeared that no subscription to the capital stock of the Cairo & Vincennes Railroad Company was ever made by Pulaski county, but that bonds to the amount of $95,000, of which these in suit are a part, were issued as a donation to that company; and for that reason the court below held them void. In short, the same objections are made to these bonds, on a like state of facts, as were made in Wesson v. Saline Co., and in Society for Savings v. Same (just decided by this court) 73 Fed. 917; and for the reasons there explained, and upon the authorities there cited, it must be held that in the hands of an innocent purchaser these bonds are valid.

The judgment of the circuit court is therefore reversed, and the case remanded, with instruction to enter judgment upon the special finding for the plaintiff for the amount due on bonds and coupons, with interest computed as directed in Metcalf v. City of Watertown, 16 C. C. A. 37, 68 Fed. 859, and 34 U. S. App. 107.