## AUSTIN v. HAMILTON COUNTY.

(Circuit Court of Appeals, Seventh Circuit:  October 5, 1896.)

No. 172.

1. FINDINGS.

A special finding should not be accompanied by a general finding.

2. MUNICIPAL BONDS—VALIDITY—DECISION OF STATE COURT.

In a suit on municipal bonds, where the special finding merely states that plaintiff held them "before due," and they became due 15 days after a decision of the state court that the act under which they were issued was invalid, it will be presumed that he purchased them during such 15 days, and with knowledge of that decision.

3. SAME—RES JUDICATA.

A decree upholding the validity of municipal bonds, rendered in a suit in which that issue was raised by the pleadings, is conclusive in favor of one who intervened in the suit, alleging the validity of the bonds.

4. SAME.

When, under the issues joined, the validity and force of a statute are necessarily within the scope of inquiry, the decree is conclusive of that question in a subsequent suit between the same parties on the same cause of action.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Each party to this record prosecutes a writ of error. The action was commenced by Augustus T. Post, since deceased, and is in assumpsit, upon coupons from bonds of Hamilton county, Ill., issued to the St. Louis & Southeastern Railway Company. Upon written waiver of a jury, the issues joined were tried by the court, which made both a special and general finding, and gave judgment in favor of the plaintiff in error for the amount due upon a part, but not all, of the coupons in suit. The declaration avers, in substance, that on June 11, 1869, the defendant, through its county court, authorized thereto by the twentieth section of an act of the Illinois legislature approved March 10, 1869, entitled "An act to incorporate the St. Louis and Southeastern Railroad Company," by an order, a copy of which is made an exhibit, subscribed $200,000 to the capital stock of the railroad company, to be paid in the like amount of bonds of the county, each for $1,000, with 7 per cent. annual interest, payable half-yearly; that on July 1, 1869, the county, through the county court, "made a manual subscription of said amount, in bonds as aforesaid, on said railroad stock books, which was then and there accepted by the said railroad company"; that thereafter, on October 23 and November 28, 1871, by the authority aforesaid, the defendant issued and delivered to the St. Louis & Southeastern Railroad Company its bonds for the amount stated, with interest coupons attached; that afterwards, at divers times, divers persons became owners of the bonds and coupons by intermediate transfers and deliveries from the railroad company, and among them Walter M. Jackson, who in 1881 became the owner and bearer of 105 of the bonds, numbered as stated; that at the January term, 1881, of the court below, in a chancery cause then and there pending, wherein the defendant county was complainant, and Jackson and the other owners of the 200 bonds and coupons were defendants, "litigation was had involving the validity of all of said bonds and coupons, and a decree rendered therein establishing the legality and validity of all of said bonds and coupons," which decree is still in full force, never having been appealed from, nor in any manner annulled or reversed; that thereafter, on January 1, 1884, relying upon that decree, and upon the validity of said bonds and coupons established thereby, the plaintiff purchased from Jackson his bonds, and from other owners and holders bonds numbered 81, 143, 182, 183, 184, and 194, and their coupons, whereby the defendant became liable to pay the sum due thereon to the plaintiff, and by said decree is estopped from interposing any further defense to the cou-

pons sued on, and that the coupons falling due July 1, 1888, and January 1, 1889, have been long due and unpaid; wherefore he sues. Common counts were afterwards added to the declaration. In one of the special pleas it is alleged, in substance, that section 20 of the act incorporating the St. Louis & Southeastern Railroad Company, by virtue of which the bonds in question were issued, was declared by the supreme court of Illinois on June 16, 1888, to be unconstitutional and void, as appears by the report of the decision in People v. Hamill, 134 Ill. 666, 17 N. E. 799, and 29 N. E. 280; that the litigation involving the validity of the bonds, as set out in the declaration, is not res judicata between the plaintiff and the defendant herein as to the bonds and coupons mentioned, because the parties to that litigation were different, and sued and defended in different relations and capacities from the plaintiff and defendant in this cause; that the question of the constitutionality of section 20 of the act referred to was not made an issue nor involved in the chancery suit, and the decree therein, or on the cross bill therein, did not make the section constitutional, nor purport to do so. The bonds in question contain the following recitals: "This bond is one of two hundred of like tenor and amount, of same issue, and it is issued under and by virtue of the authority given by a majority of all the legal voters in said county, by their votes at an election held in said county, pursuant to law, on the third day of November, A. D. 1868, and also by the authority given by the provisions of an act of the general assembly of the state of Illinois, in force March 16th, A. D. 1869, entitled 'An act to incorporate the St. Louis & Southeastern Railroad Company.' This bond is also issued under the provisions of an act of the general assembly of the state of Illinois in force April 16th, A. D. 1869, entitled 'An act to fund and provide for the payment of the railroad debts of counties, townships, cities and towns.'" "This bond is issued in part payment of a subscription made by said county, under and by virtue of the authority aforesaid, to the capital stock of said St. Louis and Southeastern Railroad Company, in the sum of two hundred thousand dollars."

The court, in its special finding, stated the facts' substantially as they are alleged in the declaration, but, in respect to the prior adjudication, found as follows: "The court further finds from the evidence: That the county of Hamilton filed in the circuit court of Hamilton county, to its September term, 1879, a bill in chancery against the St. Louis & Southeastern Railroad Company; Thomas B. Needles, auditor, and John C. Smith, treasurer, of the state of Illinois; John J. Buck, county clerk, and John B. Standifer, collector, of Hamilton county, Illinois; and the unknown owners and holders of two hundred county bonds of Hamilton county, Illinois, etc.,—defendants. That the allegations, scope, and purpose of said bill were to show said bonds were void, issued without authority, unconstitutional, and unlawful, and to have the same decreed null and void, and to enjoin the state and county officers from further certifying, levying, collecting, or paying over any more taxes for the payment of interest or principal of said bonds. The court further finds that the state and county officers, defendants to said bill, were personally served with process in the said cause, and that the St. Louis & Southeastern Railroad Company, and the unknown owners and holders of said two hundred bonds of said county, defendants to said bill, were duly served with publication notice of the pendency of said suit as provided in section 12 of chapter 22 of the Illinois Statutes, relating to practice in courts of chancery. The court further finds from the evidence that one Walter M. Jackson thereafter, by leave of the said Hamilton county circuit court, intervened in said cause, and was made a defendant by proper name, and caused the removal of said pending suit from the said state circuit court to the United States circuit court for the Southern district of Illinois, where he afterwards, by leave of said latter-named court, filed his answer and cross bill in said pending suit, and by his answer denied all the substantial allegations of said bill, which averred the unconstitutionality and illegality of said bonds, and which averred them to be null and void and issued without authority, and by his said cross bill alleged, amongst other things, that he was the owner and holder of one hundred and five thousand dollars of said Hamilton county bonds, and their coupons, described in said original bill, and averring that they were issued by said county by authority of law, and were valid obligations of said county.

v.76 f.no.2—14

The court further finds from the evidence offered that said cause was heard by said United States circuit court, and a decree rendered by it therein on the 5th day of June, A. D. 1881, dismissing said original bill at the costs of the complainant therein, and adjudging and decreeing that said bonds and coupons represented by said Walter M. Jackson in said cross bill, to wit, numbers 1 to 29 inclusive, 31, 34 to 44 inclusive, 68, 69, 71, 72, 74, 75, 82 to 84 inclusive, 86, 92 to 110 inclusive, 113, 114, 116, 119 to 123 inclusive, 126, 127, 132 to 136 inclusive, 138, 144 to 149 inclusive, 151 to 156 inclusive, 159 to 162 inclusive, 165, 167, and 168, issued by said county in aid of the St. Louis & Southeastern Railroad Company, and described in said original bill herein, are valid, legal, and binding obligations of said county. The court further finds from the evidence that the said decree has never been appealed from, reversed, or in any manner set aside or annulled. And the court further finds from the evidence that bonds of said county issued in aid of said railroad, numbered 3 to 24 inclusive, 28, 29, 31, 41, 42, 43, 44, 71, 72, 75, 84, 86, 92 to 100 inclusive, 106 to 110 inclusive, 114, 145, 146, 147, 148, 119, 151, 152, 153, 154, 155, 156, 159, 160, 162, 165, the coupons of which falling due July 1, 1888, and January 1, 1889, are sued on in this case, were and are part of the bonds and coupons represented and litigated by the said Walter M. Jackson in said chancery suit, and held valid by said decree, and that, as to the coupons of these numbered bonds sued on in this action, they are causes of action res adjudicata by said former litigation and decree of June 5, 1881. The court further finds that the said bonds numbered 81, 143, 182, 183, 184, and 194, and their coupons, were not involved in said chancery cause and decree in the case of said Hamilton County v. St. Louis & Southeastern Railway Company and others, and that as to them said cause and decree were not res adjudicata. The court further finds that the constitutionality of said twentieth section of the act entitled 'An act to incorporate the St. Louis & Southeastern Railroad Company' (3 Priv. Laws Ill. 1869, p. 238) was not drawn in question, passed upon, or decided in said chancery cause." Upon these facts the court held the plaintiff entitled to judgment for the sum due upon the coupons of the bonds purchased of Jackson, but not upon the coupons of the six bonds obtained of others.

James A. Connolly and Thos. C. Mather, for plaintiff in error.
J. M. Hamill and J. R. Williams, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The special finding should not have been accompanied with a general finding. British Queen Min. Co. v. Baker Silver-Min. Co., 139 U. S. 222, 11 Sup. Ct. 523; Wesson v. Saline Co., 20 C. C. A. 227, 73 Fed. 917. The declaration, it is to be observed, contains no averment to the effect that the plaintiff was a purchaser of the bonds in good faith. On the contrary, his reliance is shown to have been solely upon the adjudication in favor of Jackson in the chancery suit. It is needless, therefore, to consider what significance might be due to the recitals in the bonds that they were issued in pursuance of an election held in November, 1883, and in conformity with the provisions of the refunding act of April 16, 1869. Indeed, the declaration may be taken as a concession of the contention of counsel for the defendant in error that, outside of section 20 of the act for the incorporation of the St. Louis & Southeastern Railroad Company, there was no authority for the execution of these bonds. They were in fact put out under the authority supposed to be conferred by that section, and, in view of its terms, there could be no question of their validity, but for the decision of the supreme court of the state, in the

case referred to (People v. Hamill, 143 Ill. 666, 17 N. E. 799, and 29 N. E. 280), that the section was unconstitutional because not embraced in the title, and not germane to the subject of the act in which it is found. That decision was announced June 16, 1888, and, while it is alleged in the declaration that the plaintiff purchased his bonds at an earlier date, the finding of facts contains nothing upon the point, except that "the plaintiff's intestate was the holder before due * * * of the coupons * * * declared on in this suit, * * * due, respectively, July 1, 1888, and January 1, 1889." There was therefore a period of 15 days between the date of the decision and the date when the first coupons became due, within which, presumptively with knowledge of the decision, the plaintiff could have made his purchase of the bonds; and, the burden of proof in this particular being upon the plaintiff, the special finding must be read as if it expressly stated that the purchase was made during that time. Wesson v. Saline Co., supra; Sneed v. Milling Co., 20 C. C. A. 230, 73 Fed. 925. The essential question before us, therefore, is, to what extent are the parties to this case concluded by the decree in chancery of June 5, 1881? It is found that the St. Louis & Southeastern Railroad Company, and "the unknown owners and holders" of the 200 bonds of the county, "were duly served with publication notice of the pendency of the suit as provided in section 12 of chapter 22 of the Illinois Statutes, relating to practice in courts of chancery." It could hardly be and we do not understand that it is asserted that in such a case notice by publication can give jurisdiction over nonresidents of the state where the suit is brought. Pennoyer v. Neff, 95 U. S. 714; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354. Whether in this instance the parties described as unknown were or were not domiciled within the state, and were brought, by force of the published notice, within the jurisdiction of the court, does not appear; but as between the county, which brought the suit, and Jackson, who, after being allowed to intervene, was made a defendant by name, and not only answered denying the allegations of the bill, but filed a cross bill affirming the validity of the bonds, there can be no question that the decree is conclusive, and that the plaintiff, as assignee of Jackson, was entitled to the judgment awarded him. To that extent the case is essentially the same as that adjudged in Franklin Co. v. German Sav. Bank, 142 U. S. 99, 12 Sup. Ct. 147. Here, as there, the validity of the bonds was put directly in issue by the pleadings, and was determined adversely to the county. Here, it is true, the finding says that the constitutionality of section 20 of the act for the incorporation of the railroad company "was not drawn in question, passed upon, or decided" in the chancery cause; but that is a mistaken conclusion of law, rather than a finding of fact. Under the issues joined, both upon the bill and the cross bill, the validity and force of that section, equally with any other enactment referred to in the recitals of the bonds, were necessarily within the scope of inquiry, whether actually considered or not, and therefore were determined by the decree, in which, according to the finding, Jackson's bonds were specified by number, and all declared valid. The question of the validity of those bonds, therefore, is not open to reconsideration.

Cromwell v. County of Sac, 94 U. S. 351; Nesbit v. Riverside Inde-
pendent Dist., 144 U. S. 610, 12 Sup. Ct. 746; David Bradley Manuf'g
Co. v. Eagle Manuf'g Co., 18 U. S. App. 455, 7 C. C. A. 442, 58 Fed.
721.

The other six bonds do not come within the estoppel, because it does
not appear that they were held by any one who was a party to the
decree; and the plaintiff in error is not in a situation to ask, as he
does, that, in order to uphold them, we disregard the decision of the
supreme court of the state, and follow the earlier ruling of the Unit-
ed States circuit court in the chancery suit. It does not appear that
he obtained the six bonds, either directly or remotely, from an inno-
cent holder for value; and, as already stated, it must be assumed
that he did not buy them until after the state court had declared them
invalid. The judgment of the circuit court is affirmed.