HAWKINS v. CLEVELAND, C., C. & ST. L. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 17, 1900.)

No. 456.

1. APPEAL—PROCEDURE AFTER REVERSAL—MOTION TO MODIFY MANDATE.

Where a mandate sent down by a circuit court of appeals on reversal of a decree is in customary form, commanding "that such further proceedings be had in said cause as are not inconsistent with the opinion of this court," a motion to modify the mandate is, in effect, one to modify the opinion, which cannot be entertained after the time allowed for a petition for rehearing, or, at furthest, after the term, when such time expires before the close of the term. In case of dispute over the interpretation or application of the opinion, the remedy is by mandamus or by a second appeal.

2. SAME—EFFECT OF REVERSAL—PROCEDURE IN COURT BELOW.

When a decree is reversed, and the mandate does not direct the entry of any particular decree, but only that further proceedings be had, not inconsistent with the opinion of the appellate court, the effect is to put the case in the same position in the court below as if no decree had ever been entered; and the court has the same authority to permit amendments of the pleadings to enlarge the issues, and admit further proofs, as it had before the entry of the decree.

On Motion to Modify Mandate.

Lenord J. Hackney, for the motion.

John W. Kern, opposed.

Before WOODS and JENKINS, Circuit Judges.

WOODS, Circuit Judge. The opinion of this court reversing the decree of the circuit court in this case was handed down at the October session, 1898. Hawkins v. Railway Co., 60 U. S. App. 561, 32

C. C. A. 198, 89 Fed. 266. The appellee now presents a "motion to modify the mandate," but, instead of a direct and specific statement of the modification desired, begins by saying, "The appellee, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, respectfully moves the modification of the mandate in the above entitled cause, and in support thereof, gives the court to know," etc. This is followed by a lengthy statement, from which we are able to deduce an intention to move that the mandate be "so modified as to direct the lower court to permit further pleading" as proposed in that court. There is also a suggestion that the opinion of this court be made more specific upon the question whether the claim of the appellee as a general creditor is to be limited to the sum of $9,000, or whether further proof on that subject may be heard. It is stated in the motion that, after the decision of this court had been certified down, the appellant moved for a provision in the decree, to be entered in obedience to the mandate, to the effect that the appellee should share in the assets to be distributed only as a general creditor with a claim for $9,000, and no more; that pending that motion the appellee gave notice of its motion for leave to amend its supplemental petition or bill by adding thereto certain averments of facts stated; and that thereupon the presiding judge, expressing his belief that amendments to the petition and a further hearing without the direction of this court would not be in accordance with the mandate as sent down, deferred action upon either of the motions so presented, in order to enable the appellee to seek from this court a modification of the mandate. The mandate was in the customary form, commanding "that such further proceedings be had in said cause as are not inconsistent with the opinion of this court, as, according to right and justice and the laws of the United States, ought to be had."

No proposition to modify an opinion of this court can be entertained after the time allowed for a petition for a rehearing, or, at furthest, after the term at which it was handed down, if the time allowed for a petition for a rehearing had passed at the expiration of the term. If there arises dispute over the proper interpretation or application of an opinion, the remedy of the complaining party must be by mandamus or by a second appeal. Metcalf v. City of Watertown, 34 U. S. App. 107, 16 C. C. A. 37, 68 Fed. 859.

In respect to the motion of the appellee for leave to amend its petition by adding the further averments proposed, the application to this court was unnecessary. The rule is well established, as declared in Durant v. Essex Co., 101 U. S. 555, 25 L. Ed. 961:

"On a mandate from this court, affirming a decree, the circuit court can only record our order, and proceed with the execution of its own decree as affirmed. It has no power to rescind or modify what we have established." Southard v. Russell, 16 How. 547, 14 L. Ed. 1052; Kingsbury v. Buckner, 134 U. S. 650, 671, 10 Sup. Ct. 638, 33 L. Ed. 1047; Bank v. Taylor, 9 U. S. App. 406, 447, 4 C. C. A. 55, 53 Fed. 854; In re Gamewell Fire-Alarm Tel. Co., 33 U. S. App. 452, 20 C. C. A. 111, 73 Fed. 908.

The rule, it will be found, has been applied only when the decree in the circuit court had been affirmed, or, if reversed, another decree or judgment had been ordered by the appellate court, and a review thereof was sought after the affirmance or the entry of the decree so

ordered. In Southard v. Russell the supreme court had reversed a decree on the pleadings and proofs, dismissing the bill, and had ordered a decree in favor of the complainant; and, after decree in the circuit court in obedience to the mandate, that court, without leave obtained of the supreme court, had entertained a bill of review, and after a hearing upon the pleadings and proof, partly new, again had dismissed the bill. In the present case the decree below was reversed, but, instead of a direction for the entry of any particular decree, the mandate was, as stated, that further proceedings should be had, not inconsistent with the opinion of this court. The effect was to put the case in the same posture as if no decree had ever been entered, and in that situation the court had the same authority to permit an amendment of the petition or bill of the appellee for the purpose of enlarging the issue and of admitting further proofs as it had before the entry of the reversed decree. The case of In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414, affords an apt precedent.

Counsel for the appellant have urged that in this instance it would be inequitable to permit a change in the issues, but in the first instance, at least, that is a question for the circuit court. The motion is denied, at the cost of the appellee.