ZANE v. HAMILTON COUNTY, ILL.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1900.)

No. 675.

COUNTY BONDS—INVALIDITY OF STATUTE AUTHORIZING—BONA FIDE HOLDERS.
    The supreme court of Illinois having declared void section 20, Act March 10, 1869, authorizing the issuance of bonds in aid of the St. Louis & Southeastern Railway Company, which was incorporated by the same act, as in violation of the state constitution, such decision is binding on the federal courts, and bonds issued by a county under such provision, being without authority of law, are not rendered valid by any recitals they contain, and are unenforceable in the hands of all holders.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

George A. Sanders, for plaintiff in error.

J. M. Hamill, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. This was an action in assumpsit, brought by Harriet M. Zane, a citizen of Massachusetts, against the county of Hamilton, Ill., to recover the amount alleged to be due upon six bonds for $1,000 each, issued in the name of the county to the St. Louis & Southeastern Railway Company, or bearer, and of which the plaintiff was alleged to be an innocent purchaser. The circuit court sustained a demurrer to the declaration, and, the plaintiff refusing to amend, gave judgment for the defendant. The question is whether there was authority of law for the issue of the bonds. The bonds bear date October 23, 1871, and were not executed before that date. They are a part of the issue of $200,000 referred to in the case of Austin v. Hamilton Co., 22 C. C. A. 128, 76 Fed. 208, but are not a part of the 105 bonds which, as shown in that case, had been owned by Walter M. Jackson and in a suit to which the county and he were parties had been adjudged to be valid. The only authority asserted for the issue of the bonds is section 20 of the act of March 10, 1869, whereby the St. Louis & Southeastern Railway Company was incorporated. In People v. Hamill, 134 Ill. 666, 17 N. E. 799, 29 N. E. 280, where the validity of these bonds was in issue, it was held that they were invalid, because section 20 of the act mentioned was void, as being in violation of the provision of the constitution of the state (article 3, § 23), that "no private or local law * * * shall embrace more than one subject, and that shall be expressed in the title." This court recognized the authority of that decision in the Austin Case, and must recognize it now. It follows that the bonds were issued without authority of law, and in the hands of any and all holders, unless, like Jackson, they can claim under an unreversed adjudication, must be regarded as invalid. No recital can supply the want of legal authority for their execution. The judgment below is affirmed.