ELLOA A. MARSH *et al.*

*v.*

JAMES SCOTT.

*Filed at Ottawa May 9, 1888.*

1. RESCISSION OF CONTRACT—*fraudulent representations.* A contract for the purchase of a patent right, induced by the false and fraudulent representations of the vendor, will be rescinded by a court of equity, and the parties restored to their original rights.

2. SAME—*as to letters patent, incomplete at time of sale, but perfected afterwards.* Where letters patent are issued without being signed by the Secretary of the Interior, and the patentee, as soon as the want of the signature is discovered, has the same signed, it would seem that a sale of the patent by him before discovery of the defect, will not be set aside on that ground alone.

3. PATENT RIGHT—*absence of signature to letters patent.* A so-called patent, not signed by the Secretary of the Interior, will not pass any title or interest to the patentee; yet if the latter is the author and owner of a useful invention, which was intended to be patented, he will have a valuable right, which he may, in equity, sell and assign to another.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. KING & PACKARD, for the appellants:

Even if the patent was signed after the making of the contract, it was none the less valid as a good consideration therefor, such want of signature being properly supplied. *Grant* v. *Raymond,* 6 Pet. 241; *Bell* v. *Hearne,* 19 How. 262; *Woodworth* v. *Hall,* 1 W. & M. 255; *United States* v. *Patterson,* id. 305; Webster's Patent Cases, 647, note.

Representations as to the operation and utility of an invention, though untrue, will not justify a rescission of a contract for its sale. *Kimball* v. *Bangs,* 144 Mass. 321.

Messrs. MILLARD & SMITH, for the appellee:

Appellee was induced to purchase a one-third interest in the alleged patent, by the false and fraudulent representations of appellants. The alleged patent was and is void, and therefore valueless.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a decree of the Superior Court of Cook county, setting aside a conveyance of certain lots made by James Scott, the appellee, to the appellants, Elloa A. Marsh and Minard Lafever, on the fifth day of May, 1881, on the ground of fraud and want of consideration.

It appears that on December 28, 1880, the United States issued a patent, No. 236,052, to Marsh, for an improvement "on steam-engine valve gear." For some cause or other the supposed patent had not been signed by the Secretary of the Interior, and the omission seems not to have been discovered until a considerable time afterwards. Marsh, before such discovery, assigned one-half of the patent to Lafever, after which, and up to the time of appellee's conveyance to Marsh and Lafever, the latter were handling the patent for the purpose of making something out of it, and trying to introduce it to the public. Among others, they called on appellee, and after

considerable negotiations between them, they sold him a one-third interest in it, at $5000, and the entire interest in the improvement and invention outside of the United States for the additional sum of $300, making all together $5300, $500 of which was paid in cash, and the balance in real estate, including the two lots now in controversy. The decree directed a reconveyance of the property to appellee, and the refunding to him of the $500 cash payment, with legal interest thereon.

That the contract between the parties was induced by false and fraudulent representations on the part of appellants, we think is clearly established by the evidence, and is of itself sufficient to justify the decree, without reference to the specific grounds upon which the court below seems to have placed it, namely, the want of the signature of the Secretary of the Interior to the patent. It appears that when the defect in the patent in this respect was discovered, Marsh, without delay, procured the signature of the Secretary of the Interior to the patent, and thus remedied the objection. On the general principle that equity will treat things as done which were intended and ought to have been done, and adjust and settle the rights of the contending parties accordingly, it may be doubtful whether the contract should have been set aside for that reason alone, when it appeared, as it did, that the defect in the patent had been cured.

It is undoubtedly true, as shown by the authorities cited, that a so-called patent not signed by the Secretary of the Interior fails to pass any title or interest to the patentee; yet if the latter is the author and owner of a useful invention which was intended to be patented, he nevertheless has a valuable right, which he may, in equity, sell and assign to another. At least no reason is perceived why he might not do so. However this may be, we think the decree is warranted on the grounds we have already placed it, and it will therefore be affirmed.

*Decree affirmed.*