KEENE MACH. CO. v. BARRATT et al.

(Circuit Court of Appeals, Seventh Circuit. March 22, 1900.)

No. 632.

1. APPEAL—REVIEW—ACTION TRIED WITHOUT JURY.

In reviewing a judgment rendered in an action at law tried by stipulation without a jury, the one question, on a special finding, is of the sufficiency of the facts found to support the judgment; and where, upon special findings upon different issues, judgment has been given in favor of the defendant if the finding on one issue is unassailable, and sufficient to support the judgment rendered, no error of law or fact in respect to another issue can be deemed harmful, and no statement of a legal conclusion, however wrong, can affect the judgment, if it is right upon the facts found.

2. PATENTS—LICENSE—SUBSEQUENT ACQUIRING OF TITLE BY LICENSOR—RELATION.

Where, at the time of the execution of a contract, by which plaintiff assumed to grant to defendants the right to manufacture and sell a patented device within a certain territory, and defendants agreed to manufacture and sell a certain number each year, and to pay plaintiff a royalty thereon, the plaintiff had no title to the patent, its subsequent acquiring of such title did not inure to the benefit of the defendants by relation as of the date of the contract, so as to render them liable in damages for a failure to manufacture and sell the patented article at a time when they had no legal right to do so.

3. CONTRACT—REQUISITES AND VALIDITY—INCOMPLETE EXECUTION.

Where a contract, containing a provision requiring it to be countersigned and approved by the officers of a corporation, which was one of the parties thereto, before it should be binding on either party, after having been signed on behalf of the corporation was materially altered by its agent before it was signed by the other party, and was never thereafter submitted to the officers of the corporation for their approval, it did not become effective, in the absence of proof that such requirement was waived.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The declaration is in assumpsit, and charges a failure by the defendants, Barratt and Gormley, to erect seventy-five fuel economizers and smoke consumers under certain letters patent of the United States and of Canada, and to pay a stipulated royalty thereon to the plaintiff, the Keene Machine Company, according to a contract bearing date August 11, 1894, which contains the following provisions: "First. Edgar G. Barratt and James H. Gormley shall pay Keene Machine Company a royalty of twenty per cent. of the following mentioned schedule prices on each and every Keene Fuel Economizer & Smoke Consumer sold and erected under above-mentioned patents, or caused to be sold and erected by them under said patents, within the territory above mentioned. * * * In case full payment cannot be collected for devices sold and installed, after due diligence has been exercised in making said collections, the amount of royalty paid to Keene Machine Company shall then be proportioned to the amount collected from the parties purchasing said device. The schedule price upon which the royalty is based is as follows: * * *. Second. Edgar G. Barratt and James H. Gormley shall sell and erect and pay royalty, or cause to be sold or erected and royalty paid, in the territory named above, each year, not less than seventy-five devices, under the above-named patents. A failure to thus erect and pay royalty on seventy-five devices shall be a forfeiture of this contract, at the option of the Keene Machine Company. * * * Copies of all contracts shall be furnished the Keene Machine Company at their offices at Dallas, Texas. This contract signed in duplicate, and to be countersigned and approved by the officers of the Keene Machine Com-

pany at Dallas, Texas, before becoming binding on either party. Witness our hands this 11th day of August, 1894. The acceptance of this contract by both parties cancels the previous contracts made with Variety Mfg. Co. and Exhaust Ventilator Co., and is subject to the approval of George Taylor."

The pleas are numerous, including the general issue, nul tiel corporation, no consideration, non est factum in different forms, no title to the patents in the plaintiff, and delivery of the contract to take effect on conditions not fulfilled, to the last of which a demurrer was overruled. Replications were filed denying conditional delivery; averring that the contract was binding on the parties from its date; that from August 11, 1895, to August 11, 1896, the defendants had exclusive title, and the benefit and use of the patents and of the patented device under the contract declared on; that they had not rescinded the contract, and had not reconveyed the title. By written agreement, the case was tried without a jury, and the court made the following special finding of facts: First. The plaintiff was a corporation incorporated under the laws of the state of Texas, located at Dallas, Tex., and having a board of five directors, and the following officers: A president, a vice president, a secretary, and a treasurer. Second. The instrument sued on identified as set out in the declaration. Third. That the proposed contract set out in the declaration, excepting as to alterations hereinafter found, was prepared and signed on behalf of the plaintiff without the corporate seal at Dallas, Tex., and after alterations was signed at Chicago, Ill., by the defendants on October 9, 1894, and approved by George Taylor, the agent for the plaintiff, and contained the following provision: "This contract signed in duplicate, and to be countersigned and approved by the officers of the Keene Machine Company at Dallas, Texas, before becoming binding on either party." Fourth. That the proposed contract was neither countersigned nor approved by the officers of the plaintiff thereafter or at any time, and was therefore not completely executed between the parties. Fifth. That, after the signing of the contract on behalf of the plaintiff, the instrument was materially changed by the agent, Taylor, to wit, by the addition of the name "Ohio" in the grant of states, and the addition of the following proposition, viz.: "A failure to thus erect and pay royalties on 75 devices shall be a forfeiture of this contract, at the option of the Keene Machine Company,"— all without authority from or ratification by the plaintiff beyond the following facts, namely: The correspondence which took place between the parties of this suit thereafter; a letter to the plaintiff, dated December 4, 1894, inclosing a letter from the Nebraska Cereal Mills; and a letter of the plaintiff of February 8, 1895, inclosing a letter it had written to E. A. Snow, superintendent of the Jarden Brick Company, Philadelphia, Pa. Sixth. The acts and correspondence on the part of the defendants constituted no entry upon the performance of the contract, and they received no benefits or advantages thereunder. Seventh. At and prior to the signing of the proposed contract in suit there was a parol agreement between the parties that it should not have effect as a contract unless the defendants were satisfied with the working of five devices then being installed, viz.: Two devices in the plant of the Shellabarger Mill & Elevator Company, at Decatur, Ill.; one device in the plant of the New York Suburban Water Company, at Mt. Vernon, N. Y.; one device in the plant of Bryan Bros., at Chicago, Ill.; and one device in the plant of William McCoy, at Chicago, Ill.; and unless the results of these four or five plants were in accordance with the previous statements of George Taylor to the defendant Edgar G. Barratt, viz.: "That the device, applied to an ordinary boiler plant, would eliminate ninety per cent. of the smoke, increase the boiler capacity at least fifty per cent., and reduce the cost of fuel at least ten per cent.; that it was flexible in its capacities; that it could be readily applied to any boiler; that it was low in price, and did not disturb to any extent the operation of the plant while it was being put in; did not require any skilled workman to operate it; did not require any skilled engineers to erect it, as it was simply a matter of a combination of piping, that could be made by any sheet-iron worker, and an engine which could be set up and connected to any blower, and after it was set up would require no skilled attention." Eighth. Each and every one of the devices referred to by the parol agreement (save that of Bryan Bros., at Chicago, Ill., which device was not fully installed, and by agreement and consent of all parties was subsequently abandoned) was constructed under the supervision of

the plaintiff, or of persons approved and suggested by the plaintiff, and failed to meet the requirements thereof, and, after reasonable efforts by all parties to make the same effective, the requirements were not fulfilled, and each was rejected and abandoned. Ninth.'That there was no misrepresentation, fraud, or concealment in procuring the contract which was relied upon by the defendants in entering therein. Tenth. The legal title to the patents which were the subject of the contract in suit was vested in M. W. Keene, L. R. Henkle, A. F. Hardie, and W. C. Howard, as joint owners when the contract was signed and when the action was commenced (such owners, together with J. T. Howard, constituted the stockholders of the plaintiff corporation at its organization), and was not vested in the plaintiff until May 4, 1898, when such four owners executed a conveyance thereof to the plaintiff pending this action. Eleventh. Upon the further issues formed by the pleadings as to the invalidity of the patents which are the subject-matter of the instruments sued upon, either for want of utility or want of novelty of the devices described therein, under which testimony was received subject to objections, no finding is made and no conclusions are stated, for the reason that the findings upon the other issues are regarded as decisive of the rights of the parties to this action. Twelfth. That there is no evidence that the officers of the plaintiff had notice, except such constructive notice as might arise from the knowledge of George Taylor, their agent, of the existence of the parol agreement spoken of in the seventh finding.

And thereupon the court found the following conclusions of law: First. That the instrument set out in the declaration never became operative as the contract of the parties. Second. That the said instrument, if it could be construed as being properly executed and becoming operative as a contract, was a contract for the purchase of an interest in the patents described therein, as distinguished from a mere license to use the patented device. Third. That the said instrument, if it could be construed as being properly executed and becoming operative as a contract, was a Texas contract, and as to its execution would be controlled by the laws of the state of Texas. Fourth. That the plaintiff cannot maintain its action for want of title to the patents. Fifth. That the defendants are entitled to judgment. Thereupon the plaintiff submitted a number of findings of fact and of law, which the court refused to adopt.

Wm. A. Hamilton, for plaintiff in error.
J. N. Jewett, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge, after stating the case, delivered the opinion of the court.

The assignment of errors contains many specifications which are unavailing. They are to the effect that the court erred in its several findings of fact, in refusing to make findings requested, in finding matters of evidence instead of the ultimate facts, and in finding as fact matter of law. The first five specifications are objectionable, for the reason that they do not set out, as required by rule 11 of this court (32 C. C. A. lxxxviii., 90 Fed. cxlvi.), the substance of the evidence referred to, and are unimportant for the reason that the court either based no finding on that evidence or found in favor of the plaintiff. As pointed out in Wright v. Bragg, 37 C. C. A. 574, 96 Fed. 729, the only recognized exception to the statutory rule which in common-law cases tried without a jury limits the review, on writ of error, to "rulings of the court in the progress of the trial," and to the question "of the sufficiency of the facts found to support the judgment," is that "a party may

insist upon a finding in his favor on the ground that there is a total lack of evidence to support a contrary finding, or, if he have the burden of the issue, on the ground that the evidence in his favor is adequate, unimpeached, and without conflict or uncertainty." See, also, World's Columbian Exposition v. Republic of France, 38 C. C. A. 483, 96 Fed. 687. But, to raise such a question as one of law, the exception or motion must be specific to that effect, distinguishing it from a question of the weight of evidence. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862. If a verdict or finding, whether general or special, be defective on its face, or on the face of the record, the remedy, it is well understood, is a new venire; and so, if matter of law is found as matter of fact, the fact not being found, or if evidentiary facts are found, and the ultimate fact not found, the remedy must be sought by a motion for a venire de novo. It must be remembered, however, that silence in a special verdict or finding upon any issue or question of fact is equivalent to an express finding thereon against the party on whom was the burden of proof. If on any issue there is a finding of the ultimate fact and also of evidentiary facts, the latter will be regarded as surplusage, not affecting the validity of the verdict or finding as an entirety. "The one question upon a special finding or verdict," it was said in Lamson v. Beard, 36 C. C. A. 56, 65, 94 Fed. 38, "is 'of the sufficiency of the facts found to support the judgment.' In determining that question, of course, every relevant and material fact found must be considered, and every irrelevant and immaterial fact rejected, and when the fact has been excluded from consideration there can remain no harm from the error of admitting the evidence by which it was established." By the same principle, when upon a special finding upon different issues judgment has been given in favor of the defendant, if the finding on one issue is unassailable, no error of law or fact in respect to another issue can be deemed harmful. Under the statute it is not necessary, and probably was not contemplated, that a special finding should be followed by a statement of more than a general legal conclusion that the plaintiff or the defendant is entitled to judgment, and probably the mere entry of judgment would be enough. To say the least, no statement of a legal conclusion, however wrong, can be deemed important, if the judgment rendered is right upon the facts found.

The finding before us contains several propositions, each of which, if unassailable on any of the grounds urged, is sufficient to support the judgment rendered. They are, in substance, that the contract declared on never came into force, because "neither countersigned nor approved" by the officers of the plaintiff; that prior to the signing of the contract there was a parol agreement that it should not take effect as a contract unless the defendants should be satisfied with the working of devices, constructed according to the patents, then being installed, which on trial failed to work satisfactorily; and that the legal title to the patents which were the subject of the agreement was in four individuals, who were stockholders of the plaintiff corporation, and was not vested in the cor-

poration until May 4, 1898, when, pending this action, the owners executed a conveyance of the title to the plaintiff.

Touching the last proposition, the plaintiff in error contends that the after-acquired title inured, by force of the contract, to the benefit of the defendants, and by relation made them owners from the date of the execution of the contract, and therefore liable for a failure to perform their undertakings. Assuming, without deciding, that the title acquired by the plaintiff passed by force of the contract to the defendants, we cannot agree that the defendants, while not possessed of the title, became liable, by relation, for the failure to do things which at the time of the failure they had no legal right to do. The doctrine of relation is equitable in its nature, and is invoked for the purpose of accomplishing right or defeating wrong, but never for the purpose of inflicting injury, by making wrongful anything which when done was rightly done. Bragg v. Lamport, 38 C. C. A. 467, 96 Fed. 630, and cases cited. In Felton v. Smith, 84 Ind. 485, it was said: "The fiction of relation is allowed force when equity requires that the last of a series of acts shall be carried back to the first or original act, for the purpose of shutting out intervening claims. In no case is it allowed force where the party insisting upon it is endeavoring to secure an unconscionable result." The contract between these parties, whether called a grant or an assignment, did not transfer to the defendants the title or any present interest in the patents. The plaintiff had no title or interest to dispose of. Patent rights and the title thereto are intangible, and can be transferred only by an instrument in writing executed by the owner. The defendants, as the finding shows, were given possession of nothing under the contract, and in no way derived benefit from it. They constructed no devices under the patents. To apply the doctrine of relation to the extent insisted upon would be palpably and grossly unjust. It has often been and may well be invoked against one who has had the possession and enjoyed the advantages of possession of property under the grant of one who had not, but afterwards acquired, title, but it may not be invoked for the purpose of creating liability against one who has not had and by no possibility can receive a corresponding benefit, which can be regarded as affording a substantial consideration, within the meaning of the contract or grant, for the liability sought to be enforced. The following authorities have been cited, but none of them support the present contention: Rawle, Cov. § 252; Cole v. Raymond, 9 Gray, 217; Cornell v. Jackson, 3 Cush. 506; Marsh v. Scott, 125 Ill. 114, 16 N. E. 863; King v. Gilson, 32 Ill. 348; Cotton v. Ward, 3 T. B. Mon. 305; Reese v. Smith, 12 Mo. 344.

Whether the evidence justified the finding that the contract was delivered conditionally we do not consider. To show the competency of the evidence, reference has been made to Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698.

The fact that the contract, after passing out of the possession of the officers of the plaintiff, was materially altered, and in its final shape was never countersigned and approved, as required by its

terms, is admitted; but, to quote the brief: "The plaintiff maintains that this provision for the countersigning and approving was left in the contract by merest negligence; that it was nullified by a later clause in the contract; that it is inconsistent with the conduct of the parties, and was never intended to be observed by either of them." There is no such inconsistency between the two clauses referred to as to justify the contention that one was nullified by the other. But for the alteration afterwards made, the original signing of the contract by the officers of the corporation would perhaps have been enough, but in its final shape the contract was never signed by or for the plaintiff, nor "countersigned and approved," as required, and, if there was good reason for disregarding the explicit provision on the subject, it was outside of the instrument itself, and the plaintiff should have proved it. As originally prepared and signed by the officers of the corporation, the contract was in terms "subject to the approval of George Taylor," but that did not clothe him with power to make an essentially different or new contract, which should be binding, though not "countersigned and approved." Whether the provision for countersigning and approval was left in the agreement by negligence, and whether it is inconsistent with the conduct of the parties and was never intended to be observed, are questions of fact, which, if originally open to inquiry, are concluded by the finding. The judgment below is affirmed.