## DAVIS v. DAUGHERTY, Collector.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

### No. 700.

WRIT OF ERROR—TRIAL BY COURT—QUESTIONS REVIEWABLE.

In an action to recover the amount of internal revenue taxes which plaintiff was required to pay as a brewer and for beer stamps, tried by stipulation without a jury, it was stipulated that plaintiff manufactured a beverage from ingredients and in a manner stated, but it was a disputed question, upon which testimony was taken, whether such beverage was a "fermented liquor manufactured from malt, wholly or in part, or from any substitute therefor," within the meaning of Rev. St. § 3244, which rendered plaintiff liable for special tax as a brewer, and which was subject to tax under section 3339. *Held*, that requests to the court to hold as propositions of law on the facts stipulated that plaintiff was not a brewer, and the beverage was not subject to tax under the statute, conceding the practice of requiring findings upon propositions of law in such cases to be permissible, involved a finding of the disputed question of fact whether the beverage was a fermented liquor, and, as such requests were not based on all the evidence, so as to be treated as a motion for judgment as matter of law on the entire case, the ruling of the court thereon was not reviewable on a writ of error.

In Error to the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

105 F.—49

This action was brought by the plaintiff in error, Albert Davis, to recover of A. J. Daugherty, collector of internal revenue for the Fifth collection district of Illinois, sums paid under protest for special taxes as a brewer at Galesburg and Peoria, Ill., and for beer stamps, penalties, and interest. Trial by jury was waived by written stipulation, and the case submitted for trial to the court, which made a general finding, and gave judgment thereon for the defendant. The evidence consisted of an agreed statement of facts, and testimony offered in pursuance of a stipulation in the agreed statement that "either party may offer such evidence as he shall see fit upon the question of the quantity of 'sugar color' used by the plaintiff in coloring Maltina, and as to the chemical result of adding 'sugar color' and the chemical properties of 'sugar color.'" The significance of this is shown by the seventh clause of the agreed statement, which reads as follows: "That the drink Maltina, hereinbefore mentioned, was manufactured by the plaintiff in the following manner: A bottle was filled one-third full of lager beer drawn directly from a regularly stamped package of beer as it came from the brewery, and the bottle was then at once filled full of plain, carbonated water (commonly called soda water). It was then corked and tied precisely as ginger ale is tied. When the beer from which Maltina was being made was light in color, and the bottles in which it was being bottled were also light in color, sufficient 'sugar color' was added to each bottle to give the color of beer." When the evidence was all in, the plaintiff in error "requested the court to hold the following propositions of law in the case": "(1) That the manufacture of a beverage in the following manner, to wit, by filling a bottle one-third full of lager beer drawn directly from a regularly stamped package of beer as it came from the brewery, which was manufactured by a brewer who had duly paid his special tax as such brewer, and which package of beer was duly stamped with United States internal revenue stamps as required by law, and then filling the bottle full of plain carbonated water, and adding sufficient sugar color to give the contents of the bottle the color of ordinary lager beer, and then corking the same, does not constitute the manufacturer of such beverages a brewer, within the meaning of the United States internal revenue laws. (2) That a beverage manufactured in the following manner, to wit [the same as in the first proposition], is not subject to a tax as a fermented liquor under the United States internal revenue laws." Error is assigned upon the refusal of each of these requests, and also upon the action of the court "in finding the issues for the defendant," "in denying the motion for a new trial," and "in giving judgment for the defendant." Section 3244 of the Revised Statutes defines a brewer, and imposes special taxes as follows: "Brewers shall pay one hundred dollars. Every person who manufactures fermented liquors of any name or description for sale, from malt, wholly or in part, or from any substitute therefor, shall be deemed a brewer: provided, that any person who manufactures less than five hundred barrels a year shall pay the sum of fifty dollars." By section 3339 it is provided: "There shall be paid on all beer, lager beer, ale, porter and other similar fermented liquors, brewed or manufactured and sold, or removed for consumption or sale, within the United States, by whatever name such liquors may be called, a tax of one dollar for every barrel containing not more than thirty-one gallons; and at a like rate for any other quantity or for any fractional parts of a barrel." The contention of the plaintiff in error is thus summarized in the brief: "The statutory definition of a brewer * * * does not cover the manufacture of Maltina. This definition implies the manufacture of an alcoholic liquor from malt, or some substitute, by some process of fermentation. The mixing of beer with water is not the manufacture of fermented liquor. There was no fermentation whatever in the making of Maltina. If any fermentation took place, the beverage was destroyed." The contention of the defendant in error is thus stated: "Maltina is a fermented liquor, manufactured in part from lager beer, as a substitute for malt, combined with other substances; and under section 3244 of the Revised Statutes the manufacturer thereof is a brewer, and is subject to a special tax as such under said section."

Dan Raum and W. T. Whiting, for plaintiff in error.

S. H. Bethea, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The dispute between the parties is mainly upon the question whether the product of the plaintiff in error was a fermented liquor, within the meaning of the statute. That was a question of fact not covered by the agreed statement, but expressly left open for proof. The propositions submitted to the court, to be found or declared as matters of law, were framed substantially in the terms of the agreed statement of facts, and do not say whether the liquor in question was a fermented product, or whether fermentation occurred in the process of production. They were not propositions of law purely. They implied a determination by the court of the very question of fact which it was stipulated should be the subject of proof. If, therefore, it were a permissible practice to require a finding upon propositions of law in cases where the trial is without a jury,—on which question see the opinion in Distilling & Cattle-Feeding Co. v. Gottschalk Co., 13 C. C. A. 618, 66 Fed. 609, 24 U. S. App. 638,—these propositions were not of that character. It is settled by numerous decisions, some of which are referred to in Distilling & Cattle-Feeding Co. v. Gottschalk Co., that no question of fact involved in a general finding by the court in a case at law, when a jury has been waived, can be the subject of review. In such case "the losing party has no redress on error except for the wrongful admission or rejection of evidence." Dirst v. Morris, 14 Wall. 484, 491, 20 L. Ed. 722. It may be urged that there is and can be no dispute about the facts of this case, but whether or not that is so is itself a question of fact upon which the court may not be required to enter. "The burden of the statute," said the supreme court in Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481, 37 L. Ed. 373, "is not thrown off simply because the witnesses do not contradict each other, and there is no conflict in the testimony. It may be an easy thing in one case for this court, when the testimony consists simply of deeds, mortgages, or other written instruments, to make a satisfactory finding of the facts; and in another it may be difficult when the testimony is largely in parol and the witnesses directly contradict each other. But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another because of the difficulty in such determination." In the same case, after a review of earlier decisions on the subject, the court said: "But still, as was ruled in Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678, this court is disposed to hold parties to a reasonably strict conformity to the provisions of the statute prescribing the proceedings in the case of a trial by the court without a jury; and no mere recital of the testimony, whether in the opinion of the court or in a bill of exceptions, can be deemed a special finding of facts within its scope."

The question whether the article manufactured or produced by plaintiff in error was a fermented liquor, within the meaning of the statute, being, in part at least, one of fact, dependent upon evidence

outside of the agreed statement of facts, this court, in the absence of a motion below for judgment upon the entire evidence as a matter of law, will not enter upon the inquiry. A party having the burden of proof may insist upon a finding in his favor as a matter of law if "the evidence in his favor is adequate, unimpeached, and without conflict or uncertainty." World's Columbian Exposition Co. v. Republic of France, 38 C. C. A. 483, 96 Fed. 687; Machine Co. v. Barratt, 40 C. C. A. 571, 100 Fed. 590. But, to raise such a question as one of law, the exception or motion in the trial court must be so specific to that effect as to distinguish it from a question of the weight of evidence. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862. In the World's Columbian Exposition Case a proposition was submitted which, though not expressed with entire accuracy, this court treated as sufficient to present the question as one of law whether the evidence adduced was sufficient to sustain the finding. The propositions submitted here cannot be fairly so treated. They were intended for no such purpose, and, if treated as propositions of law, which, according to the practice indicated in Ex parte Morris, 9 Wall. 605, 19 L. Ed. 799, the court might properly be asked to adopt or reject, the refusal of the court to pass upon them was unimportant, because they are limited by their terms to the stipulated facts, and do not cover the whole case. They do not embrace the one disputed fact of the case; and, if the court had adopted them, and yet had found on the evidence—as presumably it did—that the article in question was a fermented liquor, manufactured by the plaintiff in error "from malt, wholly or in part, or from any substitute therefor," the judgment rendered would be right. If the practice of submitting questions of law to the court when trial by jury has been waived were conceded to be permissible, it would still be true that the adoption or rejection of a proposition which is not determinative of the case or of a controlling issue in it could not constitute available error.

The judgment below is affirmed.